# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Alois Vetter, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:14-cv-121 |
| Derek Cruff, Reid Brady, Birch Burdick, and Cass County, a political subdivision of the State of North Dakota, and West Fargo Police Department, | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

Plaintiff Alois Vetter (Vetter) filed a complaint alleging violations of 42 U.S.C. § 1983 against Detective Derek Cruff (Cruff) and the West Fargo Police Department (WFPD), Assistant Cass County State's Attorney Reid Brady (Brady), Cass County State's Attorney Birch Burdick (Burdick), and Cass County. (Doc. #1). Vetter seeks monetary damages against the defendants. Id.

Defendants answered the complaint, (Doc #5), and Vetter subsequently submitted a document which the Clerk filed as an amended complaint, (Doc. #12). However, the document is better characterized as a reply to the answer. See Fed. R. Civ. P. 7(a)(7) and 12(a)(1)(c).[1] The court has therefore considered both the complaint and reply in the analysis of Vetter's claims.

Defendants moved for summary judgment, contending the following: (1) Brady and Burdick are entitled to prosecutorial immunity; (2) Cruff, Brady, and Burdick are entitled to qualified immunity; and (3) Plaintiff's claims are barred by collateral estoppel and/or res judicata. (Doc. #23; Doc. #24). Vetter responded in opposition to the motion. (Doc. #26).

---

[1] The court recognizes that a reply to an answer is only allowed "if the court orders one." Fed. R. Civ. P. 7(a)(7). However, given Vetter's pro se status, the court will consider the reply despite it being filed without authorization.

**Summary of Recommendation**

Vetter has failed to allege essential elements of violation of 42 U.S.C. § 1983 and has thus failed to state a claim upon which relief can be granted. Accordingly, it is **RECOMMENDED** that defendants' motion for summary judgment, (Doc. #23), be **GRANTED** on grounds other than those which defendants raised, and that Vetter's complaint, (Doc. #1), be **DISMISSED** without prejudice.

**Facts**

An opinion of the North Dakota Supreme Court summarized the facts of the case:

> Vetter owns rental property in West Fargo, North Dakota. Brian Hemphill, the victim, was a prior tenant. Vetter and Hemphill developed a confrontational relationship. On February 18, 2011, Vetter drove his 2005 Hummer past one of his properties to see if a tenant had moved out. Vetter drove past the property at least two more times. Hemphill was present at the property and learned Vetter had repeatedly driven past. Hemphill decided to confront Vetter.
>
> Hemphill walked into the street in front of Vetter's vehicle. Hemphill testified that Vetter yelled at Hemphill to get out of the way, but that he did not move because he "didn't want to be bullied by [Vetter] anymore." Vetter drove forward while Hemphill backpedaled. Vetter testified the road was too narrow to turn to get around Hemphill. Initially, Hemphill could have moved away but did not. At some point, Hemphill could not get out of the path of the vehicle and could not keep up. Hemphill fell beneath the vehicle. Eyewitnesses testified that both the front tire and rear tire of Vetter's vehicle rolled over Hemphill. Hemphill suffered multiple injuries, including broken ribs, a broken facial bone, a lacerated ear and abrasions. According to West Fargo Police Officer Trent Stanton, Hemphill was pushed back approximately eighty-six feet.

State v. Vetter, 2013 ND 4, ¶¶ 2-3, 826 N.W.2d 334, 335.[2]

On March 15, 2011, Vetter was charged by Information with aggravated assault and reckless endangerment. (Doc. #1, p. 2). In an Amended Information, the aggravated assault

---

[2] Vetter alleges a different version of events. Specifically, he alleges that his vehicle did not roll over Hemphill, but rather that Hemphill "was so intoxicated that he lost his balance and fell over in front of [Vetter's] vehicle" and therefore "caus[ed] his own injuries." (Doc. #1, pp. 2-3).

charge was modified to reflect a mandatory term of two years imprisonment. Id. On October 20, 2011, a jury convicted Vetter of aggravated assault and reckless endangerment. Vetter, 2013 ND at ¶ 4. Vetter moved for a new trial and acquittal but "[t]he district court denied the motion and sentenced Vetter to three years imprisonment with one year suspended." Id. Vetter appealed the decision to the North Dakota Supreme Court, and the Supreme Court affirmed the Judgment. Id. at ¶ 1.[3]

Vetter contends that Brady and Burdick "double charg[ed]" him "for the purpose of intimidati[on]," that the charges were based on false statements made by Hemphill and other witnesses, and that the defendants knew that those statements were false. (Doc. #1, pp. 2-3). Vetter also alleges that his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments were violated during Cruff's investigation and during the judicial proceedings that were initiated against him by Brady and Burdick. Id. at 4.

**Law and Discussion**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment . . . against a party failing to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex, 477 U.S. at 322. The burden is on the moving party to establish the basis for its motion. Donovan v. Harrah's Md. Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002). If the moving party has adequately supported

---

[3] Even though Vetter contends that his "case was never appealed to the North Dakota Supreme Court," that statement is erroneous. (Doc. #12, p. 1). The court's opinion is found at State v. Vetter, 2013 ND 4, 827 N.W.2d 334.

its motion for summary judgment, the nonmoving party has an affirmative burden to go beyond the pleadings and show a genuine triable issue of fact. Commercial Union Ins. Co. v. Schmidt, 967 F.2d 270, 271 (8th Cir. 1992). In considering a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party, who enjoys "the benefit of all reasonable inferences to be drawn from the facts." Vacca v. Viacom Broad. of Mo., Inc., 875 F.2d 1337, 1339 (8th Cir. 1989) (citation omitted).

**1.      Claims Against Cruff, Brady, Burdick, and Cass County**

In order to sue a defendant in his or her individual capacity, a § 1983 complaint must explicitly state that the suit is brought against the defendant in that capacity. If the complaint does not specify the capacity in which the defendant is being sued, it is considered to include only claims against a defendant in an official capacity. See Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995). Vetter's complaint is silent as to the capacity in which defendants are sued; therefore, it is construed as a suit against the defendants in their official capacities only.[4]

A suit against a public employee in his or her official capacity is actually a suit against the public employer. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Vetter's claims against Brady and Burdick are therefore construed as claims against Cass County, and his claims against Cruff are construed as against WFPD.

---

[4] Defendants did not raise the issue of official versus individual capacity. Instead, they assert absolute prosecutorial immunity and qualified immunity. Public employees may be entitled to these immunities only when they are sued in their personal capacity. Since the defendants are only being sued in their official capacities, the prosecutorial and qualified immunities do not apply. See Kentucky v. Graham, 473 U.S. 159, 166-67 (1985). Defendants also raised issues of res judicata and collateral estoppel in their summary judgment motion. However, the court need not address those issues, since plaintiff has failed to state a claim upon which relief can be granted.

In order to impose § 1983 liability on a local governmental body, a plaintiff must show there is an official policy or a widespread custom or practice of unconstitutional conduct that caused the deprivation of a constitutional right. Marksmeier v. Davie, 622 F.3d 896, 902 (8th Cir. 2010) (citing Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-91 (1978)). Even liberally construed, Vetter's complaint fails to allege that any county or city policy or custom caused the alleged unconstitutional deprivations. Therefore, he has failed to state a claim against the defendants in their official capacities, and has failed to state a claim against Cass County.

**2.      Claims Against West Fargo Police Department**

Although Vetter does not identify WFPD as a defendant in the body of his complaint, he nonetheless listed it as one in the captions of his complaint and in the reply to defendants' answer. (Doc. #1; Doc. #12). However, a police department is not an entity amenable to suit under § 1983. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments and subdivisions of local governments are "not juridical entities suable as such"); see also Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("police departments are not usually considered legal entities subject to suit"). To the extent that Vetter seeks to allege a claim against WFPD, his complaint should be dismissed.

**3.      Sanctions**

Defendants requested that the court grant "an appropriate award of sanctions" because of the "frivolous nature of the claims advanced by the Plaintiff." (Doc. #24, p. 2). Given that this is Vetter's first federal lawsuit, sanctions are not appropriate.

**Conclusion**

Vetter has failed to allege the capacity in which he is suing the defendants. His suit must therefore be construed as a suit against the defendants in their official capacities only. A suit

against a public employee in his or her official capacity is a suit against the local government body itself. Vetter has failed to allege an official policy or widespread custom or practice of unconstitutional conduct that caused the alleged deprivations of his constitutional rights, as is required to impose § 1983 liability on a local governmental body. Additionally, the West Fargo Police Department is not amenable to suit. It is therefore **RECOMMENDED** that:

(1) Defendants' motion for summary judgment, (Doc. #23), be **GRANTED** on grounds other than those defendants asserted; and

(2) Vetter's complaint, (Doc. #1), be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

Dated this 10th day of August, 2015.

/s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Federal Rule of Civil Procedure 72(B), and District of North Dakota Local Court Civil Rule 72.1(D)(3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than August 24, 2015, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.